***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Houser, and the briefs and arguments of the parties. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence, or rehear the parties or their representatives. Having reviewed the competent evidence or record, the Full Commission adopts the Opinion and Award of Deputy Commissioner Houser.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties before Deputy Commissioner Houser as:
 STIPULATIONS *Page 2 
1. Plaintiff claims to have sustained a compensable injury to his back on August 26, 2005.
2. All parties are subject to and bound by the North Carolina Workers' Compensation Act.
3. At the time of the claimed injury, an employer-employee relationship existed between the parties.
4. At the time of the claimed injury, Builders Mutual Insurance Company was the carrier on the risk.
5. On all relevant dates, Plaintiff's average weekly wage was $355.50.
6. This matter was denied through Defendants' filing of an Industrial Commission Form 61 in January 2006.
7. At the hearing the parties submitted the following:
 a. A Packet of Various Stipulated Documents related to Plaintiff's Motion to the Executive Secretary to enforce the settlement agreement, Defendants' Response thereto and accompanying documents, which was admitted into the record and marked as Stipulated Exhibit (2).
 *********** ISSUE
Whether Defendants promised to pay for the surgery Plaintiff underwent in the event it was not paid for by the North Carolina Vocational Rehabilitation Department, such that the previously approved Compromise Settlement Agreement should be set aside pursuant to Industrial Commission Rules and/or case law.
 *********** *Page 3 
Based upon all of the competent credible evidence in the record, the Full Commission makes the following:
 FINDINGS OF FACT
1. All parties are properly before the Industrial Commission, which has jurisdiction over the parties and of the subject matter.
2. All parties have been properly designated and there is no question as to misjoinder or nonjoinder of parties.
3. On August 16, 2005, an employee-employer relationship existed between Plaintiff-Employee and Defendant-Employer.
4. Plaintiff alleges that he sustained a compensable back injury on or about August 16, 2005.
5. Defendants denied the compensability of Plaintiff's alleged back injury through the filing of an Industrial Commission Form 61 in January 2006.
6. This matter was ordered to mediation, and a mediated settlement conference was conducted by John Haworth in High Point, North Carolina on October 16, 2006.
7. Upon the conclusion of the mediated settlement conference, the parties entered into a Memorandum of Agreement setting forth the details of the agreement.
8. The Memorandum of Agreement reflected that Plaintiff was to receive $45,000.00, and that he was authorized to undergo back surgery, the cost of which he would seek to have paid through the Vocational Rehabilitation Department. The Memorandum of Agreement also provided that Defendants were to reimburse the State pursuant to the applicable statute, and that Plaintiff assumed the risk that the State might not approve the surgery through the Vocational Rehabilitation Department. *Page 4 
9. All parties present at the October 16, 2006 mediation signed the Memorandum of Agreement and the signatures were witnessed by the mediator on that date. The signatures included that of Plaintiff and counsel for Plaintiff, as well as Mr. Haworth and counsel for Defendants.
10. Subsequent to the mediation and the signing of the Memorandum of Agreement, a Compromise Settlement Agreement was drafted and signed by all parties to this action and the signatures were notarized. The signatures included that of Plaintiff and counsel for Plaintiff, as well counsel for Defendants.
11. The executed Compromise Settlement Agreement, or clincher, was then submitted to the Industrial Commission. Thereafter, Special Deputy Commissioner Elizabeth Maddox reviewed and approved the agreement on December 7, 2006.
12. In the fall of 2008 Plaintiff, through counsel, submitted the medical bills associated with his back surgery to the State Vocational Rehabilitation Department.
13. Thereafter, State Vocational Rehabilitation declined to pay for Plaintiff's back surgery.
14. Also in fall 2008, Plaintiff, through counsel, requested payment for Plaintiff's back surgery from Defendants. Defendants declined payment and referenced the mediation agreement and clincher agreement. Plaintiff subsequently filed a motion to enforce the settlement agreement on November 11, 2008, and Defendants submitted a response on November 24, 2008. The Executive Secretary issued an Order on December 9, 2009 denying Plaintiff's motion to enforce the settlement agreement and denying Plaintiff's request to compel Defendants to pay for Plaintiff's surgery. Thereafter, Plaintiff filed a Form 33 requesting a hearing, which was scheduled before Deputy Commissioner Houser on July 14, 2009. Through the hearing, Plaintiff *Page 5 
sought to have Defendants pay for his back surgery and to have the Memorandum and Agreement and Compromise Settlement Agreement set aside.
15. The plain language of the Memorandum of Agreement and the Compromise Settlement Agreement reflect that Plaintiff assumed the risk should the Vocational Rehabilitation Department decline to pay for his surgery.
16. Ms. Janine Badey, an employee of Defendant-Carrier, testified that no oral promises were ever made to Plaintiff regarding Defendants agreeing to pay for the surgery should the Vocational Rehabilitation department decline to pay for it. Ms. Badey further testified that the total agreement was set forth in the Memorandum of Agreement as well as in the Compromise Settlement Agreement.
17. The mediator, Mr. Haworth, testified that he interpreted the Memorandum of Agreement to mean that, if the Vocational Rehabilitation Department did not pay for Plaintiff's surgery, then Plaintiff would bear the risk.
18. All of the credible evidence of record supports a finding that the Memorandum of Agreement of October 16, 2006, and the Compromise Settlement Agreement approved in December 2006, were freely entered into by all the parties. There is no evidence of fraud, misrepresentation, undue influence or mutual mistake such that the agreements should be set aside.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW *Page 6 
1. The Memorandum of Agreement entered into by the parties on October 16, 2006 constituted a contractual agreement and, therefore, said agreement complied with Rule 502(2) of the Workers' Compensation Rules and was a valid contract subject to approval by the Industrial Commission pursuant to Rule 502(1). Vernon v.Steven L. Mabe Builders, 336 N.C. 425, 444 S.E.2d 191 (1994);Lemly v. Colvard Oil Co.,157 N.C. App. 99, 577 S.E.2d 712 (2003).
2. Once a Compromise Settlement Agreement is approved by the Commission, in order to set aside the agreement, the moving party must prove that there has been an error due to fraud, misrepresentation, undue influence or mutual mistake, or that the agreement was not fair and just and, therefore, should not have been approved. N.C. Gen. Stat. § 97-17; Vernon v. Steven L. MabeBuilders, 336 N.C. 425, 444 S.E.2d 191 (1994).
3. In this matter, Plaintiff has failed to meet the burden of proving any of the aforementioned categories of error set forth in N.C. Gen. Stat. § 97-17, or that the agreement was not fair and just. Accordingly, the undersigned conclude as a matter of law that there is no legal authority upon which to set aside the agreement. N.C. Gen. Stat. § 97-17; Vernon v. Steven L. MabeBuilders, 336 N.C. 425, 444 S.E.2d 191 (1994).
 ***********
Based upon the foregoing Stipulations, Findings of Fact and Conclusions of Law, the Full Commission makes the following:
 AWARD
1. Plaintiff's request that the aforementioned Compromise Settlement Agreement be set aside is hereby DENIED.
2. No additional costs are assessed at this time.
This the 29th day of March, 2010. *Page 7 
 S/___________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER *Page 1